UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT WHERRITY,<br><br>        Plaintiff,<br>   v.<br><br>BOARD OF CHOSEN FREEHOLDERS<br>CAMDEN COUNTY NEW JERSEY;<br>CAMDEN COUNTY DEPARTMENT OF<br>CORRECTIONS; WARDEN CAMDEN<br>COUNTY JAIL,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07049 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Scott Wherrity, Plaintiff Pro Se
868 Haddon Ave.
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Scott Wherrity seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Board of Chosen Freeholders of Camden County ("Freeholders"), the Camden County Department of Corrections ("CCDOC"), and the Warden of the Camden County Jail ("Warden"). Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff alleges he experienced unconditional conditions of confinement while detained at the Camden County Jail. Complaint § III. The fact section of the complaint states: "I was placed in Camden Co. Jail and was told to find a

2

cell and put my mattress on the floor because there were no beds available because of over crowding conditions." *Id.* Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

     6.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of

3

the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

7. Moreover, Plaintiff has not alleged sufficient facts to support an inference that the named Defendants are personally liable for the alleged constitutional violations.

8. First, the CCDOC is not independently subject to suit because it is not a separate legal entity from Camden County. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County.

9. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

10. Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-

4

settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

11.   Likewise, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders. As the governing body of Camden County, the Freeholders also cannot be held liable under § 1983 solely on a theory of *respondeat superior*. *Monell*, 436 U.S. at 690–91. Plaintiff therefore must meet the same pleading standard regarding the Freeholder's liability as must be met for Camden County, *i.e.*, he must set forth facts supporting an inference that the Freeholders themselves were the "moving force" behind the alleged constitutional violations. *Monell*, 436 U.S. at 689. Plaintiff has not set forth such facts with respect to either Camden County or the Freeholders.

---

[1] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

12. Similarly, Plaintiff has not pled sufficient facts to support an inference that the Warden was personally involved in either the creation of, or failure to address, the conditions of his confinement. State actors are liable only for their own unconstitutional conduct and may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

13. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

14. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

6

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

15. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

16. An appropriate order follows.

**February 21, 2017**          **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
        Chief U.S. District Judge

---

[2] The amended complaint shall be subject to screening prior to service.